UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CONNIE LEE NELSON-BRUCE, on behalf of ROSIE LEE NELSON,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>LIFE CARE CENTERS OF AMERICA, Inc. d/b/a LIFE CARE CENTER OF PARADISE VALLEY, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:12-cv-01611-MMD-GWF<br><br>ORDER<br><br>(Def.'s Response to<br>Order to Show Cause – dkt. no. 8) |

**I.　SUMMARY AND BACKGROUND**

　　This case comes before this Court through Defendant Life Care Centers of America, Inc.'s Petition for Removal. (Dkt. no. 1.) Plaintiff Connie Lee Nelson-Bruce, on behalf of Rosie Lee Nelson, filed this action on August 20, 2012, in the Eighth Judicial District Court in Clark County, Nevada, alleging medical malpractice. Plaintiff alleges one state law claim for negligence.

　　Defendant removed the action on the basis of 28 U.S.C. § 1332. After a review of the petition, the Court ordered Defendant to show cause as to why the case should not be remanded for lack of subject matter jurisdiction. (*See* dkt. no. 6.) On October 17, Defendant timely filed its response to the Court's Order. (*See* dkt. no. 8.) Having reviewed Defendant's Response, the Court orders that the case be remanded to state court.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

To establish subject matter jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Where a defendant removes a plaintiff's state action on the basis of diversity jurisdiction, the defendant must either: (1) demonstrate that it is facially evident from the plaintiff's complaint that the plaintiff seeks in excess of $75,000, or (2) prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional limit. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004). In considering what evidence may be considered under (2) above, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgement-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

For jurisdictional purposes, the amount in controversy is determined by the amount at stake in the underlying litigation. *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). In determining the amount in controversy, a district court may consider the amount of compensatory and punitive damages recoverable based on

plaintiff's complaint as well as attorney fees, but may not consider interest and cost of suit. *Meisel v. Allstate Indem. Co.*, 357 F.Supp.2d 1222, 1225 (citing *Hunt v. Wash. State Apple. Adver. Comm'n*, 432 U.S. 333, 347-48 (1977)).

## III. DISCUSSION

Defendant claims the amount in dispute in this case meets the statutory requirement for the Court to exercise jurisdiction. However, Defendant's arguments are premised more on speculation than on a specific showing of a disputed amount over $75,000. Against this backdrop, the Court is mindful that it "cannot base [its] jurisdiction on Defendant's speculation and conjecture." *Lowderkmilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1002 (9th Cir. 2007).

First, Defendant represents without demonstrating that Plaintiff seeks $46,619.60 for costs associated with Plaintiff's treatment with Life Care, Radiology Associates, and Freemont Medical. No medical records, invoices, or settlement demands have been produced by Defendant to substantiate this representation.

Second, even were the Court to take at face value Defendant's figure, there is no indication beyond speculation that Plaintiff's request for general damages will amount to the roughly $29,000 required to nudge the total amount in controversy past $75,000.

Third, Defendant represents without demonstrating that Plaintiff will also seek medical damages for continued medical care received after her discharge from Life Care. Again, the Court is left to guess whether Plaintiff is in fact receiving such care, whether such care arises out of injuries alleged in this Complaint, and what the costs of this medical care are.

Defendant must overcome a "strong presumption" against removal jurisdiction. *See Gaus*, 980 F.2d at 567. The Court must be provided with the tools necessary to evaluate whether Defendant has met its burden, and must do so as part of its continual duty to establish its own jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). Based on the record before it, the Court holds that it does not have jurisdiction to hear this claim.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that this case be REMANDED consistent with this opinion. The Clerk shall close this case.

DATED THIS 27th day of November 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE